IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:06CR294 |
| vs. | ) | |
| | ) | **PRELIMINARY ORDER** |
| HENRY DIAZ-VASQUEZ, | ) | **OF FORFEITURE** |
| JOSE ANGULO-CARDINAS, | ) | |
| ALAIN DIAZ-ESPINOSA, | ) | |
| SALAIS INDALESIO, | ) | |
| | ) | |
| Defendants. | ) | |

NOW ON THIS 14th day of June, 2007, this matter comes on before the Court upon the

United States' Motion for Issuance of Preliminary Order of Forfeiture and Memorandum Brief.  The

Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1.  The Defendants have entered into Plea Agreements, whereby they have agreed to plead

guilty to Counts I, IV, V and VI of said Indictment.   Count I of said Indictment charges the

Defendants with conspiracy to distribute and possession with intent to distribute cocaine, a violation

of 21 U.S.C. § 846. Count IV charges the Defendant, Alain Diaz-Espinosa, with one count of being

an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A).  Count V of said

Indictment sought the forfeiture, pursuant to 21 U.S.C. § 853, of the following:

   a. $2,064.00 in United States currency

   b. $1,200.00 in United States currency

   c. $204.00 in United States currency

   d. a 1998 Jeep Grand Cherokee Loredo, VIN 1J4GZ58Y0WC133290

on the basis they were used or were intended to be used to facilitate said controlled substance violation and/or were derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation. Count VI of said Indictment sought the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Ruger .22 caliber semi-automatic rifle, serial number 257-88823, and a Smith & Wesson .357 revolver, on the basis they were firearms involved or used in the knowing commission of the offenses charged in Counts I and IV.

2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Counts V and VI of the Indictment and the Defendants' pleas of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following:

      a. $2,064.00 in United States currency

      b. $1,200.00 in United States currency

      c. $204.00 in United States currency

      d. a 1998 Jeep Grand Cherokee Loredo, VIN 1J4GZ58Y0WC133290

      e. a Ruger .22 caliber semi-automatic rifle, serial number 257-88823

f. a Smith & Wesson .357 revolver

C.  The Defendants' interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D.  The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of

Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 14th  day of June, 2007.

**BY THE COURT:**

s/ Joseph F. Bataillon
**JOSEPH F. BATAILLON, CHIEF JUDGE**
**United States District Court**